UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-00584-SPG-MAA | Date | August 31, 2023 |
|---|---|---|---|
| Title | Pan Digital Network Ltd. v. Cristaudo Holdings LLC, et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CRISTAUDO HOLDINGS LLC AND FRANK CRISTAUDO [ECF NO. 18].**

### I.   Introduction

Before the Court is Plaintiff Pan Digital Network Limited's ("Plaintiff") motion for default judgment against Defendants Cristaudo Holdings LLC and Frank Cristaudo (together "Defaulted Defendants"). (ECF No. 18). Defaulted Defendants did not oppose the motion and have not otherwise appeared in this action. Having considered Plaintiff's submission, Plaintiff's oral argument during the hearing on the motion, the relevant law, and the record in this case, the Court **DENIES** Plaintiff's Motion without prejudice.

### II.   Background

Plaintiff is a business dedicated to connecting merchants in high-risk industries with Payment Service Providers ("PSPs") that contract with banks to process debit and credit card transactions for merchants. (ECF No. 1 ("Compl.") ¶¶ 1–4). A PSP's role in the customer-merchant transaction is to broker the relationship between the merchant and an entity called an "acquiring bank," which manages the funds exchanged in a debit/credit card transaction. (*Id.*  ¶¶ 25–37). A PSP forms an agreement with an acquiring bank, connects merchant clients with that bank for debit and credit card transaction processing, and in turn helps the merchant receive its funds from that bank. (*Id.* ¶¶ 32–37).

The Complaint alleges that certain individuals and entities, holding themselves out to be a legitimate PSP, instead engaged in a conspiracy to defraud Plaintiff of its funds issued as part of debit/credit card transactions. *See, e.g.*, (*id.* ¶¶ 1–11). After entering into a contract with AzulPay, the alleged PSP entity, Plaintiff claims it was deprived of its settled funds as agreed to in a contract with AzulPay. (*Id.* ¶¶ 64–65, 69–74, 77–78).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-00584-SPG-MAA | Date | August 31, 2023 |
|---|---|---|---|
| Title | Pan Digital Network Ltd. v. Cristaudo Holdings LLC, et al. | | |

    Plaintiff filed the Complaint in this action on January 25, 2023, against Defendants 2069913 Ontario Limited *dba* AzulPay ("AzulPay"), Christopher Fagon, Andrew Burrows-Trotman, Cristaudo Holdings LLC ("Cristaudo Holdings"), Frank Cristaudo, and John Does 1–10. The Complaint alleges several causes of action including violations of the Racketeering and Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, as well as violations of the California Penal Code § 496, fraudulent inducement, conversion, fraud, and intentional interference with contractual relations. (Compl.). The Complaint also alleges against AzulPay a breach of contract claim and a claim under the Lanham Act, 15 U.S.C. § 1125(a). (*Id.*). Plaintiff alleges that Defendants collectively stole $1,127,899.91 in settled funds. (*Id.* ¶ 85).

    Plaintiff served Defendant Cristaudo Holdings LLC with the Complaint on February 9, 2023. (ECF No. 12). Cristaudo Holdings LLC did not respond or otherwise appear, and the Clerk of Court entered default against it on March 31, 2023. (ECF No. 14). Plaintiff served Defendant Frank Cristaudo with the Complaint via first-class mail on March 3, 2023. (ECF. No. 11). Mr. Cristaudo did not respond or otherwise appear, and the Clerk entered default against him on April 11, 2023. (ECF No. 16).

    Plaintiff filed the instant motion for default judgment against Defendants Cristaudo Holdings and Cristaudo on May 15, 2023. (ECF No. 18 ("Mot.")). No Defendant has opposed the Motion. However, on June 30, 2023, Plaintiff filed three Notices of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) as to Defendants AzulPay, (ECF No. 27), Christopher Fagon, (ECF No. 28), and Andrew Burrows-Trotman, (ECF No. 29) (collectively, "Dismissed Defendants"). Thereafter, the Court scheduled a status conference to discuss the dismissals and the status of the requested default judgment. (ECF No. 30).

    At the August 30, 2023, status conference, Plaintiff's counsel represented that, since filing the Complaint, Plaintiff had received information that indicated the Dismissed Defendants were only "peripheral" to the alleged conspiracy and that two other individuals may have actually perpetrated the alleged fraud with Defendants Cristaudo and Cristaudo Holdings. However, Plaintiff has not yet amended the Complaint to reflect this changed factual circumstance.

**III.   Discussion**

    A court may order default judgment following the entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(b). Fed. R. Civ. P. 55(b). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *Geddes v. United Financial Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). Additionally, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:23-cv-00584-SPG-MAA | Date | August 31, 2023 |
|---|---|---|---|
| Title | Pan Digital Network Ltd. v. Cristaudo Holdings LLC, et al. | | |

Before a court can enter a default judgment against a defendant, the plaintiff must comply with the procedural requirements of Local Rule 55-1. If the procedural requirements under Local Rule 55-1 are satisfied, a district court has discretion to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts consider several factors, colloquially known as the "*Eitel* factors," including the merits of plaintiff's substantive claim and the sufficiency of the complaint. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering a motion for default judgment, the court assumes the truth of the allegations in the complaint, other than as to damages. *See Geddes*, 559 F.2d at 560 (9th Cir. 1977) (citing *Pope*, 323 U.S. at 12); *Eitel*, 782 F.2d at 1471–72.

Here, Plaintiff's counsel represented during the hearing on the motion that the Complaint no longer accurately names several of the individuals involved in this action. For instance, the Complaint alleges the three Dismissed Defendants, whom Plaintiff counsel now represents may themselves have been victims of fraud, are the central actors in the alleged conspiracy. *See e.g.*, (Compl. ¶¶ 8–10, 43–46, 52, 67, 89–100). Given Plaintiff's counsel's representations, the Court thus questions, under *Eitel*, the merits of Plaintiff's substantive claims and the sufficiency of the allegations contained in the Complaint. *See Eitel*, 782 F.2d at 1471–72. Under the circumstances, the Court declines to issue a default judgment.

The Court's decision is without prejudice to Plaintiff filing an amended complaint that names the proper defendants and alleges the nature of their conduct, as well as to Plaintiff seeking entry of default and/or renewing its motion for a default judgment.

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment.

**IT IS SO ORDERED.**

:

Initials of Preparer    pg