# Exhibit B

# PAYMENT AGREEMENT

This Payment Agreement ("**Agreement**") is made and entered into by and between Pan Digital Network Limited ("**PDNL**"), a United Kingdom Company, on the one hand, and Maxwell Dean Morgan ("**Morgan**"), an individual, on the other hand (collectively, the "**Parties**," and each individually a "**Party**"), as of the date the last of the Parties hereto signs this Agreement (the "**Effective Date**").

## RECITALS

**WHEREAS**, PDNL filed a lawsuit against multiple defendants on January 25, 2023, in the United States District Court for the Central District of California, entitled *Pan Digital Network Limited v. 2069913 Ontario Limited, et al.*, Case No. 2:23cv-00584-SPG-MAA, and alleging claims for:

- Violation of the Racketeer Influenced and Corrupt Organizations Act ("Rico"), 18 U.S.C. §§1961, *et seq.*;
- Fraudulent Inducement, Conspiracy to Commit Fraudulent Inducement, and Aiding and Abetting Fraudulent Inducement;
- Fraud, Conspiracy to Commit Fraud, & Aiding and Abetting Fraud;
- Conversion, Conspiracy to Commit Conversion, & Aiding and Abetting Conversion;
- Breach of Contract;
- Intentional Interference with Contractual Relations, Aiding and Abetting Intentional Interference with Contractual Relations, & Conspiracy to Interfere with Contractual Relations;
- Violation of California Penal Code §496, Aiding and Abetting Violations of California Penal Code §496, & Conspiracy to Violate California Penal Code §496;
- Money Had and Received; and
- False Advertising Under the Lanham Act, 15 U.S.C. §1125(a)

(the "**Action**").

**WHEREAS**, as of the Effective Date, the Action names the following defendants:

- 2069913 Ontario Limited;
- Christopher Fagon ("**Fagon**");
- Andrew Burrows-Trotman ("**Burrows-Trotman**");
- Cristaudo Holdings LLC;
- Frank Cristaudo; and
- John Does 1-10.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the Parties, the Parties hereto agree as follows:

## TERMS

1. **Payment**.

(a) Payment. Morgan shall make a total payment of one million one-hundred twenty seven thousand eight hundred eighty-nine dollars and ninety-one cents U.S. Dollars ($1,127,889.91 USD) ("**Total Payment Amount**") to PDNL according to the following payment schedule:

- One Hundred Thousand U.S. Dollars ($150,000 USD) by March 24, 2023.
- One Hundred Thousand U.S. Dollars ($200,000 USD) by March 31, 2023.
- Three Hundred Thousand U.S. Dollars ($150,000 USD) by April 14, 2023.
- Three Hundred Thousand U.S. Dollars ($250,000 USD) by April 28, 2023.
- Three Hundred Thousand U.S. Dollars ($250,000 USD) by May 12, 2023.
- Three Hundred Thousand U.S. Dollars ($127,899.91USD) on May 31, 2023.

(each, an "**Installment Payment**")

(b) Morgan shall make each Installment Payment by wire transfer or Automated Clearing House ("ACH") payment to the IOLTA attorney trust account of Kronenberger Rosenfeld, LLP. Morgan shall use the below information for the payee for each Installment Payment:

Bank Name/Address:
Heritage Bank of Commerce
150 Almaden Blvd
San Jose, CA 95113
Bank ABA/Routing #: [redacted]
Account # [redacted]
SWIFT: [redacted]

An Installment Payment shall be considered to have been made as of the date that Morgan initiates a same-day electronic wire transfer with Morgan's financial institution.

2. **Dismissal of Action**. Within seven (7) calendar days after Morgan's complete and timely payment of the Total Payment Amount, PDNL, Fagon, and Burrows-Trotman shall cause to be filed with the court, a stipulation of dismissal of Fagon and Burrows-Trotman from the Action pursuant to Federal Rule of Civil Procedure 41, with each Party to bear their own costs and attorney's fees. For clarification, as long as payments are made in accordance with the payment schedule in paragraph one (1) above, PDNL will enter a settlement agreement releasing all named defendants in the Action.

3. **No Third-Party Beneficiaries.** Except as specifically set forth in this Agreement, this Agreement is intended solely for the benefit of the Parties hereto and their respective permitted successors and assigns, and it is not for the benefit of, nor may any provision hereof be enforced by, any other person.

**4. Governing Law and Venue.** This Agreement, in all respects, shall be interpreted, enforced, and governed by and under the laws of the State of California and the United States. The Parties agree that all disputes among them arising out of or related to this Agreement, including claims of breach of this Agreement, shall be resolved exclusively by state or federal courts located in California, and the Parties waive any objection that they may have to the location of the court considering the dispute, including but not limited to objections on the grounds of subject matter jurisdiction or personal jurisdiction.

**5. Successors and Assigns.** It is expressly understood and agreed by the Parties that this Agreement and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**6. Drafting.** The Parties agree that this Agreement shall be construed without regard to the drafter of the same and shall be construed as though each party to this Agreement participated equally in the preparation and drafting of this Agreement.

**7. Attorney's Fees.** In the event that any Party asserts a claim for breach of this Agreement or seeks to enforce its terms, the prevailing Party in any such proceeding shall be entitled to recover her costs and reasonable attorney's fees.

**8. Execution of Additional Documents.** The Parties agree to execute such other, further, and different documents as reasonably may be required to effectuate this Agreement.

**9. Consultation with Counsel.** The Parties and each of them acknowledge that they have had the opportunity to consult with legal counsel of their choice prior to execution and delivery of this Agreement, and that they have in fact done so. The Parties acknowledge that they have been specifically advised by counsel of the consequences of the Agreement they have signed. The Parties understand and agree that they may be waiving significant legal rights by signing this Agreement, and they represent that they have entered into this Agreement voluntarily, after consulting with counsel, with a full understanding of and in agreement with all of its terms.

**10. Headings.** The headings in each paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

**11. Full Integration.** This Agreement constitutes a single, integrated, written contract, and constitutes the full, complete, and exclusive agreement between PDNL, on the one hand, and Morgan, on the other, regarding all of the subjects covered by this Agreement. The Parties represent and warrant that they are not relying on any promises or representations that are not expressly stated in this Agreement.

**12. Modification.** The Parties understand and agree that this Agreement can be amended or modified only by a written agreement, signed by all of the Parties hereto.

**13. Severability.** If any provision in this Agreement is found to be unenforceable, it shall not affect the enforceability of the remaining provisions and the court shall enforce the remaining provisions to the extent permitted by law.

**14. Counterparts.** This Agreement may be executed in separate counterparts and each such counterpart shall be deemed an original with the same effect as if all Parties had signed the same document.

**15. PDF Signature.** PDF signatures on this Agreement shall be treated as original signatures.

**IN WITNESS WHEREOF,** the Parties hereby acknowledge their agreement and consent to the terms and conditions set forth above through their respective signatures contained below.

DATED: Mar 7, 2023

By: ______________________________
Pan Digital Network Limited

DATED:

By: ______________________________
Maxwell Dean Morgan